UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RYON L. TRAVIS,

    Petitioner,

v.

ROBERT BROWN,

    Respondent,

Case No. 25-cv-10458

Honorable Robert J. White

**OPINION AND ORDER SUMMARILY DENYING
THE PETITION FOR WRIT OF HABEAS CORPUS**

On February 18, 2025, Petitioner Ryon L. Travis, incarcerated at the Federal Correctional Institution-Gilmore (FCI-Gilmore) in Glenville, West Virgina, filed a *pro se* motion entitled, "Emergency Writ of Habeas Corpus Ex Parte," which the Court will construe as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner was convicted by a jury in the United States District Court for the Eastern District of Michigan on four counts including count (1) production of child pornography, in violation of 18 U.S.C. § 2251(a), count (2) the transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), count (3) the possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and count (4) sex trafficking by force, in violation of 18 U.S.C. § 1591(a)(1).

He alleges that he is unlawfully detained at FCI-Gilmore and seemingly seeks to have this Court order the federal authorities bring him before the Court to determine if his incarceration is lawful; and to order his immediate release.

For the reasons that follow, the petition for writ of habeas corpus is summarily denied for lack of subject-matter jurisdiction.

## I. Background

Petitioner was convicted following a jury trial in the United States District Court for the Eastern District of Michigan. *See United States v. Travis*, Case No. 2:16-cr-20227 (E.D. Mich.). The Sixth Circuit affirmed Petitioner's conviction with respect to counts one, two, and four, but vacated count three, the possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). *United States v. Travis,* Case No. 23-1100 (6th Cir. Feb. 15, 2024). Petitioner has not filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

## II. Discussion

The Petition must be dismissed because this Court lacks subject-matter jurisdiction over the petition for writ of habeas corpus.

As an initial matter, Petitioner does not indicate what statute he is bringing his habeas petition under, merely labeling it as an *ex parte* emergency petition for writ of habeas corpus. Because Petitioner is apparently challenging the constitutionality of his federal conviction in this petition, this Court construes the petition as brought

under 28 U.S.C. § 2241. *See Clarke v. United States*, No. 24-CV-12500, 2024 WL 4520334, at * 1 (E.D. Mich. Oct. 17, 2024) (construing a petition for "All Writ-Great Writ of Habeas Corpus" as being brought pursuant to 28 U.S.C. § 2241); *Walls v. United States*, 2006 WL 1851184, at * 1 (E.D. Mich. June 30, 2006) ("Petition for Writ of Habeas Corpus AD Subjiciendum In Instanter" construed as being brought under § 2241).

A motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012). Courts commonly call this exception "the saving clause." *Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021). Accordingly, habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

"Section 2255(e) limits district courts' subject-matter jurisdiction. A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has

done so unsuccessfully. The only escape route is the saving clause." *Owens*, 990 F.3d at 499.

Petitioner is unable to show that his post-conviction remedy under § 2255 is inadequate or ineffective because he never attempted to file a § 2255 motion to vacate sentence before his sentencing judge. An inmate convicted of a federal crime cannot claim that the post-conviction remedies that are available to him under § 2255 are inadequate or ineffective until he has unsuccessfully attempted to obtain post-conviction relief by filing a § 2255 motion. *See e.g., Capaldi,* 135 F.3d at 1124; *See also Copeland v. Hemingway,* 36 F. App'x 793, 794-95 (6th Cir. 2002). So because Petitioner has failed to allege or show that his remedy under § 2255 is inadequate or ineffective, he cannot challenge his conviction by means of a petition for writ of habeas corpus.

Since this Court lacks subject matter jurisdiction over the habeas petition, the Petition must be summarily dismissed. Notably, this dismissal is without prejudice, and Petitioner may still file a motion to vacate his sentence in Case No. 16-cr-20227. *See Owens*, 990 F.3d at 496.

### III.   ORDER

**IT IS HEREBY ORDERED** that:

The Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED WITHOUT PREJUDICE.** Because a certificate of appealability is not needed to appeal the denial

of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.[1]

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED.**

Dated: March 25, 2026        s/Robert J. White

                                         Robert J. White
                                         United States District Judge

---

[1] Petitioner's habeas petition is deficient because he failed to pay the $ 5.00 filing fee or an application to proceed *in forma pauperis*. (IFP). *See Gravitt v. Tyszkiewicz,* 14 F. App'x 348, 349 (6th Cir. 2001). However, there is no filing fee for a motion to vacate sentence because it is a continuation of a defendant's criminal case. *See e.g. United States v. Thomas*, 713 F.3d 165, 173 (3d Cir. 2013). Since Petitioner would not have to pay the filing fee if he had correctly filed this action as a motion to vacate sentence, the Court will not require him to pay the filing fee in this case or file an application to *proceed in forma pauperis,* nor will the Court dismiss the petition on the basis that Petitioner failed to pay the filing fee or submit an application to proceed IFP. *Clarke v. United States,* 2024 WL 4520334, at * 2, n. 1.